UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE FOREST HOSPITAL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>MODERNIZING MEDICINE, INC., and DOES 1 through 20, inclusive<br><br>Defendants. | No. 2:21-cv-01705-TLN-CKD<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Modernizing Medicine, Inc.'s, ("Defendant") Motion to Dismiss or, in the alternative, Motion to Transfer. (ECF No. 7.) Plaintiff Tahoe Forest Hospital District ("Plaintiff" or "Tahoe Forest Hospital District") opposed the motion. (ECF No. 11.) Defendant filed a reply. (ECF No. 14.) For the reasons discussed herein, the Court GRANTS Defendant's motion and transfers the action.

///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

In June of 2015, Defendant and North Tahoe Orthopedics ("NTO") entered into a License Agreement ("Agreement").[1]  (ECF No. 7-2 at 2.)  Defendant provided NTO with a license to use Defendant's software to manage client files and records in exchange for monetary payments.  (*Id.*)  NTO paid Defendant monthly, and the Agreement automatically renewed itself every month unless one of the parties provided notice of termination.  (*Id.*)

On April 18, 2016, Plaintiff purchased assets from NTO.  (ECF No. 1 at 11.)  The purchase excluded NTO's medical records and liability for the maintenance of those records.  (*Id.* at 8.)  The purchase agreement specifically stated, "[a]ssets do not include any computer software or licenses for computer software."  (*Id.* at 10.)

On June 13, 2016, Orthopedics MultiSpecialty Clinic (a department within the Tahoe Forest Hospital District) signed an Addendum ("Addendum") to the original Agreement with Defendant.  (*Id.* at 8, 12.)  The Addendum changed the contracting party in the original Agreement from NTO to "Tahoe Forest MultiSpecialty Clinic Orthopedics."  (*Id.* at 11.)  The Addendum also purported to extend and otherwise maintain the Agreement "in full force and effect."  (*Id.*)  According to a declaration from Defendant's employee, Michelle Scheer, Orthopedics MultiSpecialty Clinic contacted Defendant in June of 2016 about creating the Addendum and then actively used Defendant's software and services from June 2016 through November 2017.[2]  (ECF No. 7-3 at 3.)  Scheer asserts Plaintiff paid all monthly invoices during

---

[1]  Plaintiff argues the Court should not consider the Agreement because it is not attached to the Complaint.  (ECF No. 11 at 12.)  "When ruling on motions to transfer based on § 1404(a), the court may consider undisputed facts outside of the pleadings."  *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113 (E.D. Cal. 2014).  In the instant case, Defendant attaches the Agreement to its motion (ECF No. 7-2) and attaches a declaration from Defendant's employee, Michelle Scheer, in its reply authenticating the exhibit is a true and correct copy of the Agreement (ECF No. 15).  Plaintiff references the Agreement several times throughout the Complaint, and even attaches, as Exhibit B, the Addendum which explicitly refers to the original Agreement.  (ECF No. 1 at 25.)  Plaintiff cites no authority for the proposition that a party can avoid a forum selection clause simply by not attaching it to the complaint.  Thus, the Court will consider both the Agreement and the Addendum herein.

[2]  Plaintiff's objections to Michelle Scheer's declaration (ECF No. 12) are overruled.  The cases Plaintiff cites support the exclusion of the declaration with regards to a motion to dismiss.

2

1    this period and continued to pay through February 2021.  (*Id.* at 3.)  Scheer also asserts even
2    through Plaintiff ceased using the services under the Agreement after November 2017, no party
3    terminated the agreement.  (*Id.* at 4.)
4            On August 27, 2021, Plaintiff filed this action in Nevada County Superior Court.  (ECF
5    No. 1 at 7.)  Defendant removed the case to this Court on September 17, 2021.  (*Id.* at 1.)
6    Plaintiff brings the following claims: (1) money had and received; (2) conversion; (3) unjust
7    enrichment; and (4) declaratory relief.  (*Id.* at 18–20.)  Plaintiff alleges Defendant charged
8    Plaintiff $5,535.00 a month from November 2017 onward, but Plaintiff did not receive any
9    consideration in exchange.  (*Id.* at 12.)  Plaintiff claims it should have never been charged by
10   Defendant as Plaintiff is not a party to the Agreement and the Addendum is void.  (*Id.* at 14.)
11   Accordingly, Plaintiff seeks to recover $221,400.00 for the sums "improperly charged and
12   collected" by Defendant.  (*Id.* at 9.)
13           On September 24, 2021, Defendant filed the instant motion to dismiss or transfer.  (ECF
14   No. 7.)  Because the Court intends to transfer the action, the Court need not and does not address
15   the motion to dismiss.

16   **II.    STANDARD OF LAW**

17           Defendant moves to transfer this action based on a mandatory forum-selection clause
18   pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"), which provides "[f]or the convenience of parties
19   and witnesses, in the interest of justice, a district court may transfer any civil action to any other
20   district or division where it might have been brought or to any district or division to which all
21   parties have consented."  Ordinarily, several factors may be considered when analyzing §
22   1404(a).  However, "[t]he presence of a forum-selection clause . . . will be a significant factor that
23   figures centrally in the district court's calculus."  *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22,
24   29 (1988).  "When the parties have agreed to a valid forum-selection clause, a district court

---

Here, the Court is considering the declaration with regards to the motion to transfer.  Further, Plaintiff's hearsay objection regarding the request to create the Addendum is meritless because it is used to show Defendant's subsequent course of conduct.  It also bears mentioning that Plaintiff does not provide evidence to rebut the substance of Scheer's declaration.  Therefore, Scheer's declaration — like the Agreement and Addendum — offer "undisputed facts" that can be considered on a motion to transfer.  *Morgan Tire of Sacramento, Inc.*, 60 F. Supp. 3d at 1113.

3

should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).

A forum-selection clause is prima facie valid and should not be set aside unless the party challenging enforcement of the provision can show it is unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum-selection clause is unreasonable if: (1) its incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power;" (2) the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court;" or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *Bremen*, 407 U.S. at 12–13, 15, 18).

Where the forum selection clause is found to be valid, the Court must adjust its usual § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 63. First, the plaintiff's choice of forum merits no weight. *Id.* Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. *Id.* at 582. Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules — a factor which in some circumstances may affect public-interest considerations. *Id.*

### III.    ANALYSIS

Defendant's motion to transfer seeks to enforce the Agreement's forum selection clause, which states: "[t]he federal courts of the United States in and for the Southern District of Florida and the state courts of the State of Florida located in Palm Beach County, Florida shall have exclusive jurisdiction to adjudicate any dispute arising out of or relating to any of the Transaction Documents." (ECF No. 7-2 at 29.) In opposition, Plaintiff argues: (1) the forum selection clause does not apply; and (2) enforcing the forum selection clause is contrary to public policy. (ECF No. 11 at 24–27.) The Court will address Plaintiff's arguments in turn.

///

A.      Enforceability of the Forum Selection Clause

Plaintiff argues the forum selection clause does not apply because Plaintiff was not a party to the Agreement and its claims do not arise from the Agreement. (ECF No. 11 at 23–24.) In reply, Defendant argues, among other things, that even if there was not a direct agreement, Plaintiff is still subject to the forum selection clause. (ECF No. 14 at 5–8.) Defendant cites *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, wherein a court found a forum selection clause applied to two corporations who were not signatories to the agreement. 485 F.3d 450, 456 (9th Cir. 2007). While those two corporations were entities of a signatory the court still found each to be a "separate corporation." *Id.* at 454. The court explained the transactions between the non-signatory parties and the plaintiff took place as "part of the larger contractual relationship." *Id.* at 456. The court upheld the forum selection clause because "the alleged conduct of the nonparties [was] closely related to the contractual relationship." *Id.*

In the instant case, Plaintiff alleges it had no obligation to pay Defendant. However, it is undisputed that Plaintiff *did* pay Defendant for years in response to charges that stemmed from the terms of the Agreement and Addendum. Those payments are precisely what Plaintiff seeks to recover in this action. It is also noteworthy that Plaintiff does not seek payments made to Defendant for its services between June 2016 and November 2017 pursuant to the Addendum. It is reasonable to conclude that Plaintiff's subsequent payments arose from the same contractual relationship. Just as in *Holland*, the Court finds Plaintiff's claims are closely related to the Agreement and Addendum. 485 F.3d at 456 n.2; *see Pennymac Loan Services, LLC, v. Black Knight, Inc.*, No. 2:19-cv-09526-RGK-JEM, 2020 WL 5985492, at *4 (C.D. Cal. Feb. 13, 2020) (holding enforcement of a forum selection clause was proper despite a party being a non-signatory because but for the "Master Agreement" the two parties would have no relationship). As such, the forum selection clause applies to this case.

B.      Enforceability of the Forum Selection Clause

In arguing the forum selection clause is unenforceable, Plaintiff argues only that the forum selection clause is contrary to public policy. (ECF No. 11 at 26.) As to public policy, the Court may consider: (1) the local interest in the lawsuit; (2) the court's familiarity with the governing

5

laws; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving the dispute unrelated to this forum. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001); *see also Atl. Marine*, 571 U.S. at 62 n.6.

Plaintiff is a public entity and alleges that officers of the district have exclusive authority regarding Plaintiff's financial decisions. (ECF No. 11 at 26–27.) Plaintiff claims the representative who signed the Addendum on behalf of Plaintiff is not an officer of the district. (*Id.*) Plaintiff therefore argues California has a policy interest in enforcing Plaintiff to comply with contracting statutes. (*Id.*) Similarly, Plaintiff claims California has an interest in enforcing the procedure local agencies establish for the purchases of supplies and equipment pursuant to California Government Code § 54202. (*Id.* at 27.) More specifically, Plaintiff alleges California has an interest in enforcing: (1) Health and Safety Code § 32132, subdivision (a), which requires Plaintiff to competitively bid contracts over $25,000; (2) Health and Safety Code § 32138, which requires Plaintiff to competitively bid contracts for electronic data processing and telecommunications goods and services; and (3) competitive bidding. (*Id.* at 27.) Finally, Plaintiff states Defendant "does not allege a countervailing interest Florida might have." *Id.*

"In all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66. Plaintiff must show public policy overwhelmingly disfavors a transfer. *Id.* at 67. Here, Plaintiff is arguing public policy weighs in favor of keeping the case in California because of the state's interest in contracting statutes and bidding procedures. However, Plaintiff's causes of action are: (1) money had and received; (2) conversion; (3) unjust enrichment; and (4) declaratory relief. (ECF No.1 at 18–20.) Plaintiff does not bring suit pursuant to public contracting statutes or the California Government Code. While the Complaint does mention various sections of the California Health and Safety Code (ECF No. 1 at 15–17), the claims themselves do not arise out of those violations. In fact, Defendant states it is "not taking the position that [Plaintiff] should disregard its obligation to comply with statutory requirements for public contracting." (ECF No. 14 at 9.) Therefore, the Court is persuaded by Defendant's argument that "this case does not concern whether [Plaintiff] has to comply with statutory requirements for public contracting," but instead is "about whether

[Defendant] must return to [Plaintiff] all of the payments that [Plaintiff] willingly made to [Defendant] over the last several years." (*Id.*)

In sum, Plaintiff does not provide enough evidence to show that enforcing the clause is unwarranted. Although California does have an interest, it does not overwhelmingly outweigh the presumption of a valid forum selection clause. Accordingly, the Court concludes enforcing the forum selection clause would not contravene a strong public policy.

**IV.   CONCLUSION**

For these reasons, the Court hereby GRANTS Defendant's Motion (ECF No. 7) and TRANSFERS this action to the United States District Court in the Southern District of Florida. This case is closed.

IT IS SO ORDERED.

**DATED: August 9, 2022**

Troy L. Nunley
United States District Judge